IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN GRUBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-CV-495-KFP |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff John Grubbs's Motion to Remand. Doc. 6. Defendant Lowe's Home Centers, LLC, removed this case to federal court on the basis of diversity jurisdiction, asserting that the parties are completely diverse and that the amount in controversy exceeds the jurisdictional threshold. Doc. 1. Plaintiff seeks to remand the case and files a stipulation "clarifying that the total damages sought do not exceed $74,999.99," and thus "the amount in controversy does not meet the jurisdictional threshold." Doc. 6 at 2. Defendant opposes the Motion to Remand. Doc. 10. The parties consented to jurisdiction by a magistrate judge. Doc. 11.

On September 24, 2025, the Court held a hearing on the Motion to Remand and in consideration of Plaintiff's stipulation to address whether the amount in controversy meets the jurisdictional threshold. During the hearing, Grubbs, through his legal counsel, confirmed that the amount in controversy is less than $75,000 and affirmed the binding stipulation by making representations to the Court consistent with the stipulation (Doc. 6).

Defendant Lowe's continued its opposition to remand and suggested that Plaintiff amend his complaint to confirm the amount in controversy consistent with the stipulation.

For the reasons below, the Court finds that the Motion to Remand is due to be GRANTED.

**I.      LEGAL STANDARD**

Federal courts have limited jurisdiction and possess only the power authorized by a statute or the Constitution. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside this limited jurisdiction. *Id.* The burden of establishing the contrary is on the party asserting jurisdiction. *Id.* Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of his claim. *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, a "[d]efendant's right to remove and [a] plaintiff's right to choose his forum are not on equal footing." *Id.* Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (alteration in original) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). Accordingly, a defendant's removal burden is a heavy one. *Burns*, 31 F.3d at 1095.

Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). When a plaintiff has not pleaded a specific amount in damages, "the removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). In some cases, "it may be 'facially apparent' from the [complaint] itself that the amount in controversy exceeds the jurisdictional minimum[.]" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). "If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Id.* at 1061. "[T]he ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

"While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000); *see also Lee Mem. Health Sys. v. Blue Cross & Blue Shield of Fla.*, 248 F. Supp. 3d 1304, 1310 (M.D. Fla. 2017).

II.    **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff alleges in his Complaint that while he was visiting a Lowe's store in Dothan Alabama, on June 2, 2023, he was interested in purchasing a metal door, so he brought the door from the back of the store to the front checkout to inquire about the store's price match

policy. Doc. 1-1 ¶¶ 5–6. After Plaintiff decided not to purchase the door, "[t]he cashier paged another Lowe's employee to come retrieve the metal door." *Id.* ¶ 8. An employee arrived to retrieve the door "and requested Plaintiff's assistance in lifting the door off of the cart." *Id.* ¶ 9. In the process of moving the metal door from the cart, "the door came apart and broke into pieces" and one of the pieces crashed into Plaintiff's right knee. *Id.* ¶¶ 10–11. "Plaintiff sustained serious injuries to his right knee." *Id.* ¶ 13. Plaintiff had replaced his right knee 15 years prior to this incident. *Id.* ¶ 12. After the incident, Plaintiff was treated at the Hughston Clinic, received physical therapy, and was "recommended for an additional knee surgery due to the aggravation of his prior condition caused by this incident." *Id.* ¶¶ 14–15.

On June 1, 2025, Plaintiff brought suit in the Houston County Circuit Court asserting four counts against Lowe's: (1) Negligence; (2) Wantonness; (3) Negligent Hiring Training, and Supervision; and (4) Premises Liability. *Id.* On July 7, 2025, Defendant filed a Notice of Removal in the Middle District of Alabama seeking removal on the basis of diversity jurisdiction. Plaintiff then filed a Motion to Remand and Defendant filed a Response.

**III. DISCUSSION**

Defendant removed the case pursuant to federal diversity jurisdiction. There is no dispute that the action is between completely diverse parties: Plaintiff is a citizen of Alabama and Defendant is a citizen of North Carolina. Doc. 1 ¶¶ 6–8; Doc. 13; Doc. 15. The dispute centers on the amount in controversy because Plaintiff did not allege a specific amount in his Complaint. Defendant argues that the Court can rely on "judicial experience

4

and commonsense [to] dictate to a reasonable certainty that the amount in controversy in this case exceeds $75,000." Doc. 1 ¶ 13. Therefore, Defendant believes "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.* ¶ 12 (quoting *Pretka*, 608 F.3d at 754). In support, Defendant cites to Plaintiff's past medical treatments, future surgery, compensatory damages, and punitive damages. With Plaintiff's Motion to Remand, Plaintiff submits a Stipulation Regarding Damages and states that the total damages sought will not exceed $74,999.99. Doc. 6 at 2; Doc. 6-1. Defendant argues, "Plaintiff's post-removal stipulation regarding damages does not clarify, but rather attempts to significantly change, the amount in controversy," and introduces a pre-suit demand letter dated February 18, 2025, containing a settlement demand for $1,000,000.00. Doc. 10-1 at 1. The letter cites medical costs to date amounting to $2,893.00 and estimates future medical costs in an amount exceeding $135,000. *Id.* at 2.

The Court will first determine whether Defendant has established that the amount in controversy satisfies the jurisdictional requirement. Following this determination, the Court will then address the weight given to Plaintiff's Stipulation.

    A.    **Amount in Controversy**

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301 (M.D. Ala. 1999) (second alteration in original) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

This "lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Id.* (quoting *Tapscott*, 77 F.3d at 1356–57).

When considering the evidence, the Court is not limited to Plaintiff's Complaint, but "may consider the evidence in and outside the petition for removal and motion to remand." *Lee Mem. Health Sys.*, 248 F. Supp. 3d at 1310. "Settlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party and considered by courts for purposes of determining whether diversity jurisdiction exists." *Deal v. Evangelical Lutheran Good Samaritan Soc'y*, 2014 U.S. Dist. LEXIS 58245, at *5 (M.D. Fla. Apr. 25, 2014) (citing *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x. 864, 866 (11th Cir. 2008) (per curiam)). "[A] settlement offer, by itself, may not be determinative, [but] it counts for something." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quoting *Burns*, 31 F.3d at 1097). While a settlement offer containing only "puffing and posturing" is "entitled to little weight in measuring the preponderance of the evidence," an "offer[] that provide[s] 'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and [is] entitled to more weight." *Id.* (third and fourth alterations in original) (quoting *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)).

Because Plaintiff has articulated an unspecified amount of damages in his Complaint, in establishing the amount in controversy, Defendant has "a lower burden of proof . . . because there is simply no estimate of damages to which a court may defer." *Seroyer v. Pfizer*, 991 F. Supp. 1308, 1313 (M.D. Ala. 1997) (quoting *Tapscott*, 77 F.3d at

6

1356–57). The Court will thus proceed to assess whether Defendant has proven "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Moss*, 43 F. Supp. 2d at 1301 (alteration in original).

At the time the settlement offer was made approximately 20 months after Plaintiff's injury, Plaintiff had incurred just $2,893.00 in medical costs and demanded "$1,000,000.00 or the insured policy limits, whichever is less." Doc. 10-1 at 1. Although Plaintiff provides no direct response in briefing to the demand letter, the Court is still tasked with considering whether the settlement offer contains only "puffing and posturing" as opposed to a "reasonable assessment of the value of [the] claim[.]" *Jackson*, 651 F. Supp. 2d at 1281. The demand letter "estimated future medical costs" would "exceed $135,000 due to the severity and surgical implications of his knee injuries," but the letter includes no medical records, evidence, or calculations supporting these projected costs. Doc. 10-1 at 2. In comparison, the $2,893 in medical costs as of February 2025 that Plaintiff incurred since the 2023 accident is a far cry from the estimated (and unsupported) $135,000 in future costs. *Id.*

"The amount in controversy is determined by Plaintiff's claims, not the policy limit." *Clemmons v. State Farm Fire & Cas., Co.*, 2025 U.S. Dist. LEXIS 82980, at *8 (M.D. Ala. May 1, 2025) (citing *Lowe v. State Farm Fire & Cas. Co.*, 2016 U.S. Dist. LEXIS 27182, at *16 (M.D. Ala. Feb. 16, 2016) ("In determining the proper amount in controversy, it is the value of the underlying claim and not the face amount of the policy limit that controls.")). "A high policy limit does not establish a large amount in controversy

7

for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit." *Emplrs. Mut. Cas. Co. v. Parker Towing Co., Inc.*, 2007 U.S. Dist. LEXIS 94584, at *4 (S.D. Ala. Dec. 27, 2007).

Plaintiff's settlement demand made a "formal demand for $1,000,000.00 or the insured's policy limits, whichever is less." Doc. 10-1 at 1. To the extent Defendant argues that the policy limit demand is controlling for purposes of the amount in controversy, the Court finds that Plaintiff's demand for "$1,000,000.00 or the insured policy limits" is the type of "puffing and posturing" that does not adequately present a reasonable assessment of Plaintiff's claim. *Jackson*, 651 F. Supp. 2d at 1281. A demand asserting settlement for the lesser figure of either "$1,000,000.00 or the insured's policy limits" (Doc. 10-1 at 1) "does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit." *Emplrs. Mut. Cas. Co.*, 2007 U.S. Dist. LEXIS 94584, at *4. Likewise, to the extent Defendant relies on the demand letter estimating future medical costs amounting to $135,000 as a reasonable assessment of Plaintiff's claim, Defendant cites to no factual assertions or evidence supporting the valuation underlying this amount. It is worth acknowledging that the settlement letter was submitted by a "case manager" from an out-of-state law firm who did not represent Plaintiff when this case was filed in the Circuit Court of Houston County, Alabama. *Compare* Doc. 1-1 at 1 *with* Doc. 10-1.[1] It is Defendant's responsibility to establish by a preponderance

---

[1] The facts recited in the case manager's letter also vary slightly from the facts pleaded in the Circuit Court complaint. In the demand letter, the case manager asserts, "[a]n employee of Lowe's proceeded to load the door onto Mr. Grubb's vehicle when suddenly and without warning, the employee then dropped the door, and it fell apart on my client's knee." Doc. 10-1 at 1. In contrast, the Complaint pleads, "Plaintiff selected a metal door . . . and brought it to the front checkout area . . . . The cashier attempted to look up the item

8

of the evidence that the amount in controversy is met. *Moss*, 43 F. Supp. 2d at 1301. By merely citing to the demand letter's one-million-dollar settlement demand and the estimated, but unsupported, future medical costs amounting to at least $135,000, Defendant has not established that the amount in controversy is met.

B.     **Post-removal Stipulation**

Defendant further argues that the demand letter shows that "Plaintiff's post-removal stipulation regarding damages does not clarify but rather attempts to significantly change the amount in controversy[.]" Doc. 10 ¶ 2.

When assessing the amount in controversy for the jurisdictional threshold, "courts must focus on the facts as they existed when the case was removed and not on later developments." *Murphy v. State Farm Fire & Cas. Co.*, 2025 U.S. Dist. LEXIS 220, at *5 (M.D. Ala. Jan. 2, 2025) (citing *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal.")). "To assist in this determination, courts may not consider post-removal changes to the amount in controversy; but they may, however, consider post-removal *clarifications* of what that amount was at the time of removal." *Murphy*, 2025 U.S. Dist. LEXIS 220, at *5 (citing *Sierminski*, 216 F.3d at 949 ("[U]nder any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." (internal

---

but was unsuccessful . . . . The cashier paged another Lowe's employe to come retrieve the metal door. An older male employee arrived and requested Plaintiff's assistance in lifting the door off of the cart. Plaintiff obliged, and in the process of assisting the employee, the door came apart and broke into pieces." Doc. 1-1 at ¶¶ 6–10.

citations omitted))). Where a "[p]laintiff's [s]tipulation clarifies the Complaint by identifying that the amount in controversy will not be in excess of $75,000[,]" this Court has found that a plaintiff's "[s]tipulation may be considered in deciding whether to remand [the] [p]laintiff's case." *Moss.*, 43 F. Supp. at 1303. However, "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached." *Id.* at 1302 (internal citations omitted).

In *Miller v. Royal Oak Enters. LLC*, 2015 U.S. Dist. LEXIS 108268 (S.D. Ala. May 29, 2015), the Southern District was faced with a similar argument involving a pre-suit settlement offer and a post-removal stipulation. In *Miller*, the defendant removed the state court case to federal court on the basis of diversity jurisdiction. *Id.* at *2. In opposition to removal, the plaintiff challenged the amount in controversy requirement, and filed a motion to remand including a stipulation stating that the plaintiff would not seek an amount of more than $75,000. *Id.* at *2, 6. Similar to the present case, the plaintiff's complaint in *Miller* contained an unspecified amount of damages. *Id.* at *4. In response to the plaintiff's argument, the defendant introduced exhibits showing "pre-removal settlement demands of $750,000 and $250,000." *Id.* at *7–8. Critically, the introduced document included "the plaintiff's own calculations, including a combination of medical bills and lost wages that totaled in excess of $345,000." *Id.* at 9. The defendants argued that the plaintiff's "post removal stipulations cannot divest the court of jurisdiction." *Id.* at *8. In agreeing with the defendant, the court cited *Poore v. Am.-Amicable Life Ins. Co. of Texas*, quoting that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Id.*

(quoting 218 F.3d 1287, 1291 (11th Cir. 2000)). With this rule in mind, the court in *Miller* found "the [p]laintiff's stipulation regarding the amount in controversy is an example of an 'event[] occurring after removal.'" *Id.* (quoting *Poore*, 218 F.3d at 1291) (second alteration in original). Therefore, the plaintiff's stipulation was "not a valid assertion of the amount in controversy." *Id.*

Here, Defendant argues that Plaintiff's Stipulation is an event occurring after removal. Doc. 10 ¶ 2. Like the plaintiff in *Miller*, Plaintiff's Complaint does not request a specific amount of damages in the complaint. Doc. 1 at 5. Also like the plaintiff in *Miller*, Plaintiff's Stipulation emphasizes that "he will neither seek nor accept damages in excess of $74,999.99." Doc. 6 at 3. Finally, similar to the factual scenario in *Miller*, Defendant's sole basis for arguing that Plaintiff's stipulation is a change rather than a clarification is a pre-suit settlement demand.

With these similarities in mind, the Court notes that there is one significant difference between the pre-suit settlement demand in *Miller* and the demand letter here. In *Miller*, the demand was "supported by the Plaintiff's own calculations," which included "medical bills and lost wages that totaled in excess of $345,000." *Miller*, 2015 U.S. Dist. LEXIS 108268, at *9. The *Miller* settlement demand calculated lost wages based on work life expectancy "extrapolated over the course of his life" as well as specific medical expenses. *See Miller v. Royal Oak Enterprises LLC*, Case No. 1:15-cv-181 (Doc. 11-1 at 4-5). These calculations are different than Plaintiff's speculative assertion of $135,000 in future medical costs, presented nearly two years after the incident and not supported by any actual numbers or medical records. *See* Doc. 10-1 at 2; Doc. 1-1. The only figures

11

supported with calculations in the demand letter were Plaintiff's estimates of current medical costs amounting to $2,893.00.[2] Doc. 10-1 at 2. The other amounts of $135,000.00 and "$1,000,000.00 or the insured's policy limits, whichever is less" were figures that were stated without any calculations or additional evidence. *Id.* at 1–2. As stated above, these figures are mere puffing and posturing, and because of this, the demand letter cannot adequately be considered as a basis for finding that Plaintiff is now changing the amount in controversy as opposed to clarifying an ambiguous ad damnum clause in his Complaint. For these reasons, the Court finds that Plaintiff's Stipulation is a binding clarification as to the amount in controversy, and that the Defendant's evidence does not establish that Plaintiff's Stipulation is an attempt to "change" rather than "clarify" the amount in controversy. Defendant has not shown by a preponderance of the evidence that the amount in controversy reaches the jurisdictional threshold.

Based on the foregoing, Plaintiff's binding Stipulation is given "significant weight" and is "presumed true." *Murphy*, 2025 U.S. Dist. LEXIS 220, at *9 (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) ("[L]awyers are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose, such as merely to defeat diversity jurisdiction, [so] we give great deference to such representations and presume them to be true.")). The statements in the Stipulation and the representations made to the Court "are binding no matter what happens in the future." *White v. Regions Bank*, 2025

---

[2] The demand represented Plaintiff's actual costs as $2,502 (Hughston Clinic) and $391 (Advanced Rehabilitation PT Ozark) for a total of $2,893.

WL 2648249, at *3 (M.D. Ala. Sept. 15, 2025) (remanding based on plaintiff's stipulation that the amount in controversy did not exceed $75,000 and advising, "White and her counsel are CAUTIONED that should she or her legal counsel not follow or honor White's sworn testimony or counsel's representations to this Court, this Court will not hesitate to impose swift sanctions if requested by Wells Fargo."). **Plaintiff and Plaintiff's counsel are CAUTIONED that the representations made in the Stipulation are binding, and if the representations are not honored, "this Court will not hesitate to impose swift sanctions."** *Murphy*, 2025 U.S. Dist. LEXIS 220, at *9.

### IV.   CONCLUSION

For the reasons stated above, the Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000; thus, the Court does not have subject matter jurisdiction over the claims. Therefore, the undersigned ORDERS that Plaintiff's Motion to Remand (Doc. 6) is GRANTED, and the case is REMANDED to the Circuit Court of Houston County, Alabama.

The Clerk of the Court is DIRECTED to take the appropriate steps to effectuate remand.

DONE this 24th day of September, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE